The Honorable Roger Smith State Representative 13 South Pego Way Hot Springs Village, AR 71909-2828
Dear Representative Smith:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
 In light of the failure of the Fountain Lake School District to submit for voter approval in September the 25-mill uniform rate of tax for maintenance and operation of the schools, how should the quorum court proceed in setting the millage rate in November?
RESPONSE
I must respectfully decline to answer this question, which raises issues that bear directly on the enforceability of a pending consent decree in the case of Barker et al. v. Frank et al., Saline County Circuit Court No. CIV-94-719-2. The signatories to a Stipulation of Settlement Subject to Court Approval in the referenced case are apparently in dispute as to whether section 2.4 of the Stipulation, captioned "Millage Reduction," is consistent with the requirements of Ark. Const. amend. 74, which mandates that the quorum courts levy a 25-mill uniform rate of tax for maintenance and operation of the schools. Counsel for the plaintiffs in this matter has indicated his intention to seek sanctions for contempt in the event the Saline and Garland County quorum courts[1] simply levy the uniform rate of tax in possible derogation of the terms of the consent decree, which the court approved on April 11, 2003.
Although I am statutorily obliged to render my opinion to members of the legislature and various state officials regarding matters of state law, A.C.A. § 25-16-706, I am neither authorized nor equipped to opine on issues whose resolution will necessarily involve a court's making factual determinations. In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are either pending in or appear uniquely appropriate for submission to the courts for resolution.
Moreover, I foresee a possibility that the state might be deemed a necessary party in any proceeding to determine whether Amendment 74 authorizes the issuance of a consent decree pursuant to which Saline and Garland Counties would levy a tax below the 25-mill uniform rate of tax to fund maintenance and operation of the Fountain Lake School District's schools. As I noted in Ark. Op. Att'y Gen. No. 2003-031, "the uniform rate of tax is a state, not a local, levy imposed by Amendment 74 itself." In my opinion, the state clearly has an interest in litigation that would determine the proper imposition of the uniform rate of tax pursuant to Amendment 74. Given the possibility that this office may be called upon to defend the state's interests in this matter, I consider it all the more inappropriate to anticipate the court's disposition of your question.
Having declined to address the specific dispute underlying your question, I can and will forward for you information copies of Ark. Ops. Att'y Gen. Nos. 2003-031, 2003-035 and 2003-065, which generally address the obligations of quorum courts to levy the uniform rate of tax in compliance with Ark. Const. amend. 74. I hope these opinions will provide some help in assessing the situation in the Fountain Lake School District.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
Enclosures
[1] This dispute involves two quorum courts because the subject Fountain Lake School District extends into both Saline and Garland counties.